

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| PJC | *271 Cadman Plaza East* |
| F. #202R00440 | *Brooklyn, New York 11201* |

June 8, 2023

<u>By ECF and Email</u>

Kevin Keating, Esq.
Law Office of Kevin J. Keating, P.C.
666 Old Country Road, Suite 900
Garden City, New York 11530

Stephen P. Scaring, Esq.
666 Old Country Road. Suite 501
Garden City, New York 11530

    Re: <u>United States v. Taesung Kim, et al.</u>
       <u>Criminal Docket No. 23-191 (ARR)</u>

Dear Counsel:

  Enclosed please find the government's initial production of discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The production is comprised of one flash drive bearing Bates numbers DOJ_23-CR-191_0000001 through DOJ_23-CR-191_0196978 and a log of the produced materials. The materials produced under cover of this letter are deemed confidential pursuant to the protective order entered by the Court on May 15, 2023 and must be treated accordingly. <u>See</u> ECF No. 20. The government requests reciprocal discovery from the defendants.

I. <u>The Government's Discovery</u>

  A. <u>The Defendants' Criminal History</u>

  The government is not aware of any criminal history for the defendants.

  B. <u>Documents and Tangible Objects</u>

  Included in the production, and contained within the enclosed flash drive, unless otherwise specified, are copies of the following documents:

- Photographs taken during premises search warrants executed on 888 Pharmacy Inc., NY Elm Pharmacy Inc. and Huikang Pharmacy Inc. on December 8, 2022;

- Text messages obtained from a cell phone seized from a co-conspirator;

- Referrals and related documents obtained from the Investigations Medicare Integrity Contractor;

- Audio and video recordings of undercover operations performed by confidential sources; and

- Documents obtained pursuant to grand jury subpoena and requests for information, including bank records, telephone records, pharmacy benefits managers' records and Medicare and Medicaid claims data;

Enclosed with certain of these materials are affidavits and declarations concerning the authenticity of certain records as business records, pursuant to Federal Rules of Evidence 803(6) and 902(11). The government intends to proffer those records into evidence at trial as self-authenticating. See United States v. Komasa, 767 F.3d 151 (2d Cir. 2014).

You may examine the physical evidence discoverable under Rule 16, including original documents and the seized items obtained through premises search warrants, by calling me to arrange a mutually convenient time.

C. Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

D. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government intends to call representatives from the New York State Department of Health and Medicare. These witnesses are expected to testify about the general structure of the Medicare and Medicaid programs, the work performed by the administrators of these programs, the processes for paying Medicare and Medicaid claims for prescription drugs, and the policies that determine which claims Medicare and Medicaid will reimburse. Because this testimony would be factual testimony based on the witnesses' personal observations and perceptions, it would not be expert testimony. In an abundance of caution, however, the government has included this possible testimony in this notice.

Any anticipated areas of expert testimony, as well as the identity, qualifications, and bases for the conclusions of any anticipated experts, will be provided to you when they become available.

E. Brady Material

The government is not aware of any exculpatory material regarding the defendants. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F. Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendants intend to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that the defendants intend to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendants' intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendants intend to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the United States Attorney's Office of the Eastern District of New York and the Criminal Division of the United States Department of Justice (together, the "Office") concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

          Very truly yours,

          GLENN S. LEON
          Chief, Fraud Section
          Criminal Division
          U.S. States Department of Justice

By:     /s/ Patrick J. Campbell
          Patrick J. Campbell
          Trial Attorney, Fraud Section
          Criminal Division
          U.S. Department of Justice
          (202) 262-7067

Enclosure

cc:     Clerk of the Court (ARR) (by ECF, without enclosure)