UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED PRELIMINARY ORDER OF FORFEITURE |
| - against - | |
| TAESUNG KIM,, <br>     also known as "Terry," | 23-CR-191 (DG) |
|                 Defendant. | |

- - - - - - - - - - - - - - - - X

WHEREAS, on or about December 10, 2024, Taesung Kim, also known as "Terry" (the "defendant"), entered a plea of guilty to the offense charged in Count Three of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1956(h); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of six million dollars and zero cents ($6,000,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (items (a) through (w) collectively, the "Subject Assets"):

    a.    any and all funds on deposit in Capital One Bank account number 36234740155, held in the name of Terry Kim, and all proceeds traceable thereto ("Capital 0155 Account");

    b.    any and all funds on deposit in Capital One Bank account number 36234738947, held in the name of Terry Kim and Hyunhee Kim, and all proceeds traceable thereto ("Capital 8947 Account");

    c.    any and all funds on deposit in Capital One Bank account number 36235400483, held in the name of Hyunhee Kim, and all proceeds traceable thereto ("Capital 0483 Account");

|     |     |
| --- | --- |
| d.  | any and all funds on deposit in Capital One Bank account number 36235400849, held in the name of Hyunhee Kim, and all proceeds traceable thereto ("Capital 0849 Account"); |
| e.  | any and all funds on deposit in Bank of Hawaii account number 92071456, held in the name of Hana Care Inc., and all proceeds traceable thereto ("Hawaii 1456 Account"); |
| f.  | any and all funds on deposit in New Millenium Bank account number 8005166, held in the name of Huikang Pharmacy, and all proceeds traceable thereto ("Millenium 5166 Account"). |
| g.  | any and all funds on deposit in New Millenium Bank account number 11050008538, held in the name of Huikang Pharmacy, and all proceeds traceable thereto ("Millenium 8538 Account"); |
| h.  | any and all funds on deposit in New Millenium Bank account number 30050003141, held in the name of Huikang Pharmacy, and all proceeds traceable thereto ("Millenium 3141 Account"); |
| i.  | any and all funds on deposit in New Millenium Bank account number 8005171, held in the name of 888 Pharmacy, and all proceeds traceable thereto ("Millenium 5171 Account"); |
| j.  | any and all funds on deposit in New Millenium Bank account number 11050008546, held in the name of 888 Pharmacy, and all proceeds traceable thereto ("Millenium 8546 Account"); |
| k.  | any and all funds on deposit in New Millenium Bank account number 30050003158, held in the name of 888 Pharmacy, and all proceeds traceable thereto ("Millenium 3158 Account"); |
| l.  | any and all funds on deposit in New Millenium Bank account number 3050004021, held in the name of Terry Kim, and all proceeds traceable thereto ("Millenium 4021 Account"); |
| m.  | any and all funds on deposit in JP Morgan Chase account number 573697698, held in the name of HSJD Management, and all proceeds traceable thereto (the "JPMC 7698 Account"); |
| n.  | any and all funds on deposit in Citizens Bank account number 4028163837, held in the name of NY Elm Pharmacy, and all proceeds traceable thereto (the "Citizens 3837 Account"); |
| o.  | any and all funds and securities on deposit in Charles Schwab account number 3831-1382, held in the name of Silver Care |

| | |
|---|---|
| | Services LLC, and all proceeds traceable thereto ("Schwab 1382 Account"); |
| p. | any and all funds on deposit in Fidelity Investments account number Z26873122, held in the name of Silver Care Services LLC, and all proceeds traceable thereto ("Fidelity 3122 Account"); |
| q. | approximately $645,564.00 in United States currency, seized by law enforcement on or about March 31, 2024, from Robinhood account number 641614367, held in the name of Terry Kim, and all proceeds traceable thereto ("Robinhood 4367 Account"); |
| r. | approximately $9,103.00 in United States currency, seized by law enforcement on or about March 5, 2024, from Bank of Hawaii account number 0086234319, held in the name of Happy Care Inc., and all proceeds traceable thereto; |
| s. | approximately $3,065.00 in United States currency, seized by law enforcement on or about March 5, 2024, from Bank of Hawaii account number 0080190883, held in the name of Terry Kim and Hyunhee Kim, and all proceeds traceable thereto; |
| t. | approximately $13,012.00 in United States currency, seized by law enforcement on or about March 5, 2024, from Bank of Hawaii account number 6870987155, held in the name of Terry Kim and Hyunhee Kim, and all proceeds traceable thereto; |
| u. | the real property and premises located at 1622 Parker Avenue, Fort Lee, New Jersey 07024, Block 4354, Lot 1, title to which is held in the name of Happy Care Management LLC, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto; |
| v. | the real property and premises located at 316 North 6th Street, Prospect Park, New Jersey 07508, Block 50, Lot 41, title to which is held in the name of Silver Care Services LLC, together with its appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents, and profits therefrom, and all proceeds traceable thereto; and |
| w. | the real property and premises located at 1837 Kalakaua Avenue, Unit 903, Honolulu, Hawaii 96815, Tax Map Key (1) 2-6-013-022, C.P.R. No. 0035, title to which is held in the name of Terry Kim and Hyunhee Kim, together with its |

appurtenances, improvements, fixtures, easements, furnishings, and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto (the "Honolulu Property");

as any property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, on or about February 6, 2025, the Court entered a Preliminary Order of Forfeiture ("Preliminary Order") against the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure (ECF No. 69) which ordered the entry of the Forfeiture Money Judgment and the forfeiture of the Subject Assets; and

WHEREAS, the defendant and the United States move the Court to amend the Preliminary Order to add a provision specifying the credits to be given toward the defendant's Forfeiture Money Judgment, as set forth below in paragraph 1.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant 18 U.S.C. §§ 982(a)(1) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Assets. The forfeiture of the Subject Assets shall be credited towards the Forfeiture Money Judgment, except as follows: (i) the forfeiture of 50% of the Prospect Park Property shall be credited towards the Forfeiture Money Judgment; (ii) the forfeiture of 50% of the Fidelity 3122 Account shall be credited towards the Forfeiture Money Judgment.; and (iii) the JPMC 7698 Account and the Citizens 3837 Account will not be credited towards the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of sentencing (the "Due Date").

3. In the event that the above-listed assets (a) through (l), and (o) through (v) are sufficient to fully satisfy the Forfeiture Money Judgment, the government will not pursue forfeiture of the Honolulu Property.

4. The defendant shall remit, or cause to be remitted, the above-listed assets (a) through (l), and (o) through (p) to the Federal Bureau of Investigation ("FBI").

5. Capital One Bank is hereby directed to remit any and all funds on deposit in above-listed assets (a) through (d), specifically, the Capital 0155 Account, the Capital 8947 Account, the Capital 0483 Account, and the Capital 0849 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

6. Bank of Hawaii is hereby directed to remit any and all funds on deposit in above-listed asset (e), specifically, the Hawaii 1456 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

7. New Millenium Bank is hereby directed to remit any and all funds on deposit in above-listed assets (f) through (l), specifically, the Millenium 5166 Account, the Millenium 8538 Account, the Millenium 3141 Account, the Millenium 5171 Account, the

Millenium 8546 Account, the Millenium 3158 Account, and the Millenium 4021 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

        8.     JP Morgan Chase Bank is directed to remit any and all funds on deposit in above-listed asset (m), specifically, the JPMC 7698 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

        9.     Citizens Bank is hereby directed to remit any and all funds on deposit in above-listed asset (n), specifically, the Citizens 3837 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

        10.     Charles Schwab is hereby directed to liquidate and remit any and all funds and securities on deposit in above-listed asset (o), specifically the Schwab 1382 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

        11.     Fidelity Investments is hereby directed to liquidate and remit any and all funds and securities on deposit in above-listed asset (p), specifically, the Fidelity 3122 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

        12.     Robinhood is hereby directed to liquidate and remit any and all funds and securities on deposit in above-listed asset (q), specifically, the Robinhood 4367 Account, to the FBI pursuant to instructions to be provided by agents of the FBI.

        13.     Upon entry of this Amended Preliminary Order of Forfeiture ("Amended Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Amended Preliminary Order.

14. The United States shall publish notice of this Amended Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

15. Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

16. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps

are necessary to ensure that clear title to the Subject Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Assets to the United States. Further, if any third party files a claim to the Subject Assets, the defendant will assist the government in defending such claims. If the Subject Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Amended Preliminary Order against any other assets of the defendant up to the value of the Subject Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that all elements of 21 U.S.C. § 853(p) have been satisfied.

17. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

18. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Amended Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Amended Preliminary Order,

together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

19. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

20. The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

21. This Amended Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

22. This Amended Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

23. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Amended Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

24. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern

District of New York, Attn: Nicole Brown, ProMinds Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York

_____, 2026

SO ORDERED:

_____
HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK