

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JRS:PJC
F. #2021R00440

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 20, 2026

<u>By ECF</u>

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Taesung Kim
> <u>Criminal Docket No. 23-191 (DG)</u>

Dear Judge Gujarati:

The government respectfully submits this supplemental sentencing submission in accordance with the Court's March 9, 2026 order and the discussion held during the March 9, 2026 pre-sentencing hearing to (1) identify all related cases and describe the defendant Taesung Kim's relative position to his co-conspirators charged in those cases, (2) identify the appropriate restitution figure and the government's position as to the apportionment of restitution between Kim and his co-conspirators, and (3) advise the Court as to the government's request regarding the global resolution point referenced in Kim's plea agreement.

I.    <u>The Related Cases and Co-Conspirators</u>

To assist the Court with sentencing, the government identifies below all of Kim's co-conspirators that have been charged and their relative positions in the scheme:

| Case Caption (status/outcome) | Case Number | Defendant's Position |
|---|---|---|
| <u>United States v. Dacheng Lu</u> (pending sentencing) | No. 23-CR-191 | Lu was Kim's business partner and the manager of the Brooklyn-based pharmacies. |
| <u>United States v. Feng Jiang</u> (sentenced – 15 months' imprisonment) | No. 24-CR-264 | Jiang was Kim's business partner and the manager of the Flushing-based pharmacies. |

| Case Caption (status/outcome) | Case Number | Defendant's Position |
|---|---|---|
| United States v. John Doe (pending sentencing) | No. 23-CR-177 | Doe was a supervising pharmacist and Kim's business partner at Huikang Pharmacy Inc. |
| United States v. Zhibin Lai (pending sentencing) | No. 23-CR-246 | Lai was the supervising pharmacist and Kim's business partner at 888 Pharmacy Inc.[1] |
| United States v. John Doe (pending sentencing) | No. 24-CR-149 | Doe was a medical doctor who accepted free office space and staff in exchange for directing prescriptions to Kim's pharmacies. |
| United States v. John Doe (pending sentencing) | No. 24-CR-148 | Doe was a manager and Kim's business partner in NY Elm Pharmacy Inc. |
| United States v. John Doe (pending sentencing) | No. 23-CR-199 | Doe was a manager and Kim's business partner at 888 Pharmacy Inc. |
| United States v. Hua Huang (sentenced – time served, two years supervised release) | No. 23-CR-234 | Huang was Kim's employee and a front desk worker at Elmcare Pharmacy Inc. and NY Elm Pharmacy Inc. |

II.     Restitution

As the Court noted during the March 9, 2026 hearing, there is a small discrepancy between the restitution ordered against Feng Jiang ($24,411,567.11) and the restitution requested to be ordered against Kim ($24,411,567.51). The correct restitution figure is the figure identified in Kim's plea agreement and sought in connection with his sentencing: $24,411,567.51.

The Court should order restitution to be joint and several among the above-referenced defendants. As an initial matter, the Court has already imposed restitution jointly and severally between Jiang and Huang, and imposing restitution jointly and severally among the rest of the defendants would be equitable. See Jiang, No. 24-CR-246, ECF. No. 46. The Court has considerable discretion in fashioning restitution awards based on relative culpability and economic circumstances. See United States v. Pearse, No. 18-CR-681 (NGG), 2026 WL 539187, at *1 (E.D.N.Y. Feb. 26, 2026) (reconsidering prior order allocation restitution and instead imposing restitution jointly and severally as to all defendants, differing roles notwithstanding); United States v. Billimek, No. 22-CR-675 (PGG), 2024 WL 3455286, at *6 (S.D.N.Y. June 19, 2024) (imposing

---

[1]     The Pre-Sentencing Investigation Report identifies this pharmacy as "88 Pharmacy," but it should instead refer to "888 Pharmacy."

restitution jointly and severally where co-defendants were "a[t] least as culpable" as one another and their "economic circumstances . . . [were] not so disparate"). Here, although the defendants each played different roles in the scheme, they are arguably at least as culpable as each other and were each crucial to the scheme's success. The medical doctor defendant was necessary to sign prescriptions that the pharmacies could dispense; the pharmacist defendants were necessary to dispense the medically unnecessary drugs induced by kickbacks to the patients and the doctors; the owner defendants were necessary to invest the capital to open the pharmacies, to oversee the employees paying the kickbacks, and to obtain bank accounts used to facilitate the money laundering and kickbacks; and the employees were necessary to pay the kickbacks and coach the patients about which prescriptions to obtain in order to receive their kickbacks. Although Kim led the scheme, assisted by Jiang and Lu, they held equal shares of the fraudulent pharmacies with their owner co-defendants. Further, given that defendants Kim and Jiang have substantial forfeiture obligations, there is no evidence that the defendants have significantly disparate financial situations such that restitution should be apportioned among them. Therefore, the government requests that the Court impose forfeiture jointly and severally among all defendants.

III.     The Plea Agreement's Global Resolution Point

As the Court is aware, Kim's plea agreement provides for a one-point reduction pursuant to United States Sentencing Guideline ("U.S.S.G.") § 5K2.0. See Plea Agreement, ¶ 2. The Guidelines were amended in 2025 to eliminate U.S.S.G. § 5K2.0 and all other departures other than § 5K1.1. This amendment was based on the recognition that factors previously considered as a basis for a departure were in most cases better considered as a basis for a variance as part of courts' analysis of the factors set forth under 18 U.S.C. § 3553(a). See Appendix B, Part III, 2025 U.S.S.G. The government respectfully submits that the Court should therefore calculate the Guidelines without the departure but then include a one-point variance as part of its sentencing

analysis to provide the defendant the benefit of his plea agreement and to recognize the value of the global resolution.

Respectfully submitted,

LORINDA LARYEA
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:   */s/Patrick J. Campbell*
Patrick J. Campbell
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice
(202) 262-7067

cc:   Clerk of Court (DG) (via email)
Kevin Keating, Esq. (via ECF)
Maxine Marquez, U.S.P.O. (via email)