STEPHEN P. SCARING, P.C.
ATTORNEYS AT LAW
SUITE 501
666 OLD COUNTRY ROAD
GARDEN CITY, NY 11530-2005
--
516-683-8500
--
FAX
516-683-8410

STEPHEN P. SCARING
~OF COUNSEL~
MATTHEW W. BRISSENDEN
SUSAN SCARING CARMEN

sscaring@scaringlaw.com

May 27, 2026

**Via ECF (To Be Filed Under Seal)**

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plasa
Brooklyn, New York  11201

Re:     *United States v. Dacheng Lu*
        23 CR 00191-002

Dear Judge Gujarati

       This office represents the Defendant Dacheng Lu, who is scheduled to appear for sentencing on June 30, 2026.  On October 5, 2025, Mr. Lu pled guilty to Count One of the Indictment, charging Conspiracy to Commit Health Care Fraud. Since that time, he has been cooperating with prosecutors in the Eastern District of New York.

       On April 6, 2026, Probation issued its Presentence Investigation Report.  Probation calculates a Total Offense Level of 25 and a Criminal History Category of I, resulting in an advisory Guidelines range of 57 to 71 months incarceration. The Government has objected to Probation's Guidelines calculation; prosecutors calculate a Total Offense Level of 30.

       Notwithstanding the advisory Guidelines, we are respectfully asking this Court to impose a sentence of home confinement based upon ███████████████████████████ ████  ████████  his  timely  acceptance  of  responsibility,  and  his  otherwise  unblemished personal history.

1

## Character Letters

Attached hereto as Exhibit A, please find character letters submitted by the Defendant's wife, Yuemei Song, his pastor, Reverend John Sun, and longtime friends Chunxi Xuan, Jerry Cheng, Hua Jin, Shengyu Li, and Chloe Lee.

In her letter to the Court, the Defendant's wife speaks of his commitment to their marriage and children, his acceptance of responsibility, and his true remorse for the pain he has caused so many. His pastor and friends describe a good person and responsible member of the community, who is committed to helping others.

## The Defendant's Background

Mr. Lu was born in the Qianshan District of Anshan City, in the Liaoning Province of China in 1979. The Defendant's parents were humble, hardworking people, who were employed as agricultural workers for most of the Defendant's childhood. Later in life, the Defendant's father was employed as a construction worker, and his mother became a home health aide. His younger brother trained to become a stoneworker and eventually moved to South Korea, where he currently resides with the Defendant's parents.

Mr. Lu was educated in China; through his hard work, he obtained the opportunity to attend college in China. The Defendant graduated from Dalian Industrial University in 2002 with a degree in Chemistry, and thereafter found work at a paint manufacturer, where he worked his way up to be the company's assistant manager in his field as a high polymer chemist. In that capacity, Mr. Lu was responsible for formulating the chemical compounds utilized in the manufacturing process, while assuring quality control.

In 2006, Mr. Lu began seriously dating a woman named Yuemei Song; the couple had attended school together as teenagers and reconnected at their high school reunion. When Ms. Song moved to the United States to study on an F1 student visa, the Defendant placed his career on hold and traveled to be with her. In March of 2007, the couple was married in China.

While Mr. Lu had a stable career in China, his wife wanted to raise their family in the United States. Mr. Lu was able to obtain an F2 visa, allowing him to remain in the U.S. as the spouse of an F1 visa holder. However, Lu did not speak English and finding employment as a chemist proved challenging. Instead, the Defendant took a series of positions in the restaurant industry, working as a waiter and a sushi chef. While Mr. Lu was grateful for the employment, the work was difficult and required long hours – the Defendant typically worked six days a week, returning home late in the evening.

2

When Yuemei became pregnant in 2012, she encouraged her husband to seek out work that would allow him to make use of his chemistry degree while spending more time with his family. This search was unsuccessful but eventually led Mr. Lu to Happy Care Pharmacy, where he found work as a customer care representative. Happy Care was a local medical supply company in Flushing, and the proximity to the Defendant's home allowed him to spend more time with his new son. As the Court is aware, Happy Care was principally owned by Taesung Kim. The Defendant later moved to Dragon Medical Supply, which was also principally owned by Kim, and worked there until his arrest. Kim recognized that the Defendant's work ethic and his fluency in both Mandarin and Korean made him a valuable asset to the company.

In 2013, Kim offered Mr. Lu the opportunity to invest in one of his Pharmacies. He was able to Purchase a 25% interest in 88 Pharmacy, which was co-owned by Kim and two other co-defendants. In 2015, he was offered the opportunity to invest in Kim's Huikang Pharmacy. It was at this juncture that the Defendant began to observe and participate in the fraud described by the Indictment. In 2018 and 2019, Lu further invested in Elmcare Pharmacy, NY Heath, and Silver Care Pharmacy. Ultimately, Lu obtained the following ownership interests in the subject pharmacies: 88 Pharmacy 25%; Huikang Pharmacy 33%; Elmcare Pharmacy 20%; Silver Care Pharmacy and NY Health Pharmacies 15 % each.

Each of these pharmacies were controlled by Kim and had separate managers. Lu was responsible for the pharmacies located in Brooklyn – Huikang and 88 Pharmacy. Kim would give him instructions, and he would transmit those instructions to the pharmacies. He also acted as a runner between the supermarkets and the pharmacies regarding the OTC credits, and assisted in obtaining and delivering cash payments to doctors.

Following the Defendant's arrest and the attendant publicity within his community, it has been difficult for Mr. Lu to find work. As a result, his wife has taken a job as a restaurant manager, and Mr. Lu is staying home to care for their two children and manage the household. He spends as much time with his two children as he can and does everything he can to lessen the burden on his wife.

<u>Arrest and Acceptance of Responsibility</u>

Within five months of being charged, Mr. Lu pled guilty pursuant to a formal cooperation agreement. The Defendant has accepted responsibility and has fully satisfied his obligations under that agreement, including the forfeiture of his pharmacy-related earnings. To that end, prior to sentencing, Mr. Lu provided the Government with two checks totaling $2,284,62.00.

The Defendant makes no excuses for his conduct. His wife writes "over the past three years of investigation I have witnessed his deep regret and sincere reflection. He truly acknowledges his wrongdoing and lives each day with the determination never to repeat this mistake again." The Defendant will address the Court at sentencing and speak to his acceptance of responsibility in his own words.

<u>The Presentence Report</u>

I have reviewed the Presentence Investigation Report with the Defendant, and we have no objections. With respect to Paragraph 93 of the PSR, we have belatedly provided a financial statement to Probation; we apologize for the delay in furnishing this information.





## Conclusion

I am aware of the serious nature of the Defendant's conduct, and in no way am I attempting to minimize his conduct. I would, however, ask this Court to consider such conduct in the broader context of the Defendant's life.

The Defendant profoundly regrets the decisions he made which led him to this juncture. He has accepted responsibility for such conduct and feels genuine shame; Mr. Lu often speaks about the terrible example he set for his children. This honest sense of remorse is reflected by the Defendant's post-arrest conduct, including his timely acceptance of responsibility███████, and his timely satisfaction of his forfeiture obligation. We are asking that the Court consider a sentence of home confinement to allow him to care for his children.

Respectfully submitted,

/s/

Stephen P. Scaring

5